Jia Yong Tang v. Garland

BIA
Thompson, IJ
A206 894 211

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> _Circuit Judges._

_____

JIA YONG TANG,
> _Petitioner,_

v.                                                      **23-6495**
                                                        **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> _Respondent._

_____

FOR PETITIONER:                 Gerald Karikari, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jia Yong Tang, a native and citizen of the People's Republic of China, seeks review of an April 18, 2023 decision of the BIA affirming an August 12, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Yong Tang,* No. A 206 894 211 (B.I.A. Apr. 18, 2023), *aff'g* No. A 206 894 211 (Immigr. Ct. N.Y.C. Aug. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's and the BIA's decision "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review fact-finding, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to fact *de novo. Hong Fei Gao v. Sessions*,

2

891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's conclusion that Tang was not credible.

The IJ reasonably relied on Tang's omissions from his initial statements and his inconsistent testimony about the omitted facts. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Tang testified that he had filed a lawsuit challenging the conduct of the tax officials

3

in China and that his food stall was destroyed in retaliation, but he did not include those incidents in his written statement or application. He then testified inconsistently about the dates of these incidents. Moreover, despite Tang's testimony that his sister was aware that Tang's food stall had been destroyed, his sister testified that Tang had sold the food stall.

While omissions generally are less probative of credibility, *Hong Fei Gao*, 891 F.3d at 78, Tang omitted significant facts and then testified inconsistently or provided inconsistent corroboration about them. Under these circumstances, substantial evidence supports the adverse credibility determination. *See id.* at 76, 78; *Xiu Xia Lin*, 534 F.3d at 167. The agency also reasonably declined to credit Tang's explanations for these omissions and inconsistencies. He testified that his written statement was simply not as detailed and that he made mistakes. But "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citation omitted).

Moreover, the agency reasonably relied on the lack of corroboration to rehabilitate Tang's testimony on these issues. "An applicant's failure to

4

corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As noted above, Tang's sister's testimony was inconsistent regarding the fate of the food stall, her letter did not mention either the lawsuit or the closure of the food stall, a letter from a friend who worked at the food stall mentioned that it was closed down but not destroyed, and his father's letter alleged that some things were destroyed, but not the food stall itself. Moreover, the agency was not required to give weight to certain purportedly corroborating statements, given that Tang's father was an interested witness and Tang's father and friend were unavailable for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (affirming an IJ's decision to accord witness letters "little weight because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the omissions, inconsistencies, and lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See Likai*

5

*Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *see also Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief, as all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76. Therefore, we do not reach the agency's alternative basis for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6